UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| NORTHSTAR TREKKING LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | 5:07-cv-00003 JWS <br><br> ORDER AND OPINION <br><br> [Re:   Motion at Docket 48] |

## I.  MOTION PRESENTED

At docket 48, plaintiff Northstar Trekking LLC ("Northstar") moves for an award of attorney's fees and costs pursuant to 26 U.S.C. § 7430.  At docket 49, defendant United States of America opposes the motion.  Northstar's reply is at docket 50.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

In 2004, the Internal Revenue Service ("IRS") concluded that Northstar owed the Air Transportation Excise Tax for flight-seeing charters it had flown during the second and third quarters of 2002.  The IRS assessment gave no credit for Northstar's payment of the Aviation Fuel Excise Tax, but imposed interest and penalties for failure to pay the Air Transportation Excise Tax.  The air transportation tax assessment for the second quarter of 2002 was $28,482, and the assessment for the third quarter was $57,385.

Northstar protested the assessments, paid a portion of the taxes the IRS claimed were due, and requested a refund of the portion paid, arguing that it was exempt from taxation because it operated helicopters of 6,000 pounds or less, that its flight-seeing charters were not operated on an "established line," and that Northstar had no duty to collect and pay any such taxes.

Eventually, Northstar filed a complaint in this court claiming that the IRS wrongfully assessed taxes against it for the second and third quarters of 2002. The United States filed an answer and a counterclaim seeking back taxes. Thereafter, Northstar moved for summary judgment. After the matter was fully briefed, the court granted Northstar's motion, holding that Northstar did not operate helicopters "on an established line."[1] A judgment declaring that Northstar has no obligation to pay transportation excise taxes, denying the United States' counterclaims, and awarding Northstar $909.69 (portion of assessed taxes actually paid) was entered June 4, 2009.[2]

## III.  DISCUSSION

Section 7430(a) of Title 26 provides that in any "court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for . . . reasonable litigation costs," including "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding."[3] The statute defines a "prevailing party" as a party which "has substantially prevailed with respect to the most significant issue or set of issues presented," and meets the net worth requirement set forth in 28 U.S.C. § 2412(d)(2)(B), which defines "party" as "any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time

---

[1] Doc. 44.

[2] Doc. 47.

[3] 26 U.S.C. § 7430(a)(2) and (c)(1)(B)(iii).

the civil action was filed."[4]  However, Section 7430 further provides that "[a] party shall not be treated as the prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified."[5]  The determination as to whether a party is a prevailing party shall be made by agreement of the parties or by the court.[6]

Certain limitations on any award under § 7430(a) are set out in § 7430(b), but the United States concedes they do not apply in this case.  The United States also concedes most of what is required to establish that Northstar is a prevailing party.  Thus, the motion turns on a single issue which the United States describes as follows: "Here, although Northstar has met part of its burden to show entitlement to an award of reasonable litigation costs under 26 U.S.C. § 7430, the facts and circumstances show that the United States' position in this litigation was substantially justified.  Therefore, Northstar is not treated as the prevailing party under § 7430 and may not recover its litigation costs."[7]  To the foregoing it is appropriate to add, as Northstar points out, "the Government's position must have been reasonable given the available facts and circumstances at the time that the Government took its position . . . ."[8]

To carry its burden of proof on this point, the United States must show that its position "had a reasonable basis both in law and fact."[9]  As the Supreme Court has explained, that means the government's position must be one that was "justified to a degree that could satisfy a reasonable person."[10]

---

[4] 26 U.S.C. § 7430(c)(4)(A)(I) and (ii).

[5] 26 U.S.C. § 7430(c)(4)(B)(I).

[6] 26 U.S.C. § 7430(c)(4)(C)(ii).

[7] Doc. 49 at p. 3.

[8] Doc. 50 at p. 3.

[9] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[10] *Id.*

In terms of the law, the United States explains that it relied on the Nevada District Court decision in *Lake Mead Air, Inc. v. United States*.[11] That was the only judicial decision dealing with the application of the Air Transportation Excise Tax to the operator of flight seeing tours until two other district court decisions were rendered a few weeks prior to the conclusion of the case at bar. Given that *Lake Mead Air* was the only relevant judicial decision, there is no doubt that it was reasonable to consider and rely on it. Northstar's briefing does not dispute that proposition, but argues that differences between the facts underlying *Lake Mead Air* and those in the case at bar render the government's position unreasonable.

The United States' position was not taken without input from Northstar. An Internal Revenue Service agent visited Northstar's place of business. Subsequently, there was an exchange of correspondence between counsel for Northstar and government agents which sets out in considerable detail Northstar's view as well as the government's position.[12] When the government wrote to advise Northstar that it would have to pay Air Transportation Excise taxes, the government included a copy of an examination report. The examination report sets out a lengthy explanation of the facts as then understood by the government and a summary of both the government's position and Northstar's position.[13]

Recognizing that a fundamental prerequisite to imposition of the Air Transportation Excise Tax is that the air transportation rendered must have been provided on "an established line," the *Lake Mead Air* court explained, "the crux of the phrase 'on an established line' seems to be that the public can rely on the transportation because of a regularity determined by the provider, not the customer, i.e., the whims of customers do not dictate a particular route."[14] This court agreed with the principle, but, as applied here, held it meant Northstar did not operate flights on an established line.

---

[11] 991 F. Supp. 1209 (D. Nev. 1997).

[12] Doc. 48, Exhibits, 9, 10, and 11.

[13] Doc. 48, Exhibit 2 at pp. 8 - 19.

[14] *Lake Mead Air*, 991 F. Supp. at 1212.

Case 5:07-cv-00003-JWS   Document 57   Filed 08/10/09   Page 4 of 5

Yet, the *Lake Mead Air* court applied the principle to broadly similar circumstances and reached the opposite conclusion. The circumstances in *Lake Mead Air* were summarized as follows: "During the tax periods at issue . . . plaintiff Lake Mead Air, Inc. . . . operated a fleet of aircraft providing scenic tours around the Grand Canyon. Most of plaintiff's business resulted from tours provided by Gray Line Tours Company . . . with whom plaintiff had been conducting business since 1987. Gray Line advertised air tours and day long excursions including an air component around the Grand Canyon."[15] The United States' decision to rely on *Lake Mead Air* to support imposition of the tax in generally similar–although not identical–circumstances could readily satisfy a reasonable person that imposition of the tax had a reasonable basis in both law and fact.

North Star correctly asserts, that given the actual facts here, the United States' decision to impose the tax was doomed to fail. However, it is not the outcome of the litigation which controls. Were the outcome controlling, then every time the United States lost on the merits, the taxpayer would be entitled to recover its expenses.

## IV. CONCLUSION

For the reasons above, the motion at docket 48 is **DENIED**.

DATED this 10th day of August 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at 1210. The *Lake Mead Air* court did not uphold imposition of the tax, because during the relevant time frame there was no statute obligating the air carrier to pay it.